UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOYD HUGHES, | * |
| | * |
| Plaintiff, | *  CIVIL ACTION NO. 16-15457 |
| | * |
| VERSUS | * |
| | * |
| U.S. IMPACT, INC., | * |
| | * |
| Defendant. | * |
| | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Lloyd Hughes ("Plaintiff"), resident of the Parish of St. John the Baptist, State of Louisiana, and file this Complaint for Damages against Defendant, U.S. Impact, Inc. ("Defendant"). In support thereof, Plaintiff represents as follows:

### INTRODUCTION

1. Plaintiff's Complaint for Damages is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), La. Rev. Stat. Ann. § 51:1401 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 (2010); 15 U.S.C. §§ 1692k(d), 1693(m) (2010).

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without

regard to the amount in controversy," and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in LaPlace, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a debt collector domiciled in Mandeville, Louisiana.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts, allegedly owed to third parties or using a name other than its own.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties or using a name other than that used for other purposes.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for construction services to be completed at Plaintiff's property located at 2017 Yorktown Drive, LaPlace, Louisiana 70068.

19. The contract for the construction services was executed on or around February 28, 2016.

20. Plaintiff paid $17,022.18 as partial payment for the construction services.

21. On or about May 13, 2016, Plaintiff notified the construction services provider of his intent to terminate the contract and that he was disputing the alleged remaining payments on the contract as they were overly inflated.

22. On or about August 22, 2016, the construction services provider acknowledged and accepted Plaintiff's termination of the contract, and attached an invoice for the remaining payments on the contract.

23. One day later, if even that, on or about August 23, 2016, Defendant sent Plaintiff a letter, via U.S. Mail, attempting to collect the alleged remaining debt.

24. Defendant made demands for amounts not owed by Plaintiff and used unfair methods of competition and unfair or deceptive acts or practices.

25. Defendant made demands for amounts not owed by Plaintiff and misrepresented the character and amount of the alleged debt.

26. Defendant did not notify Plaintiff of his validation rights under Federal law.

27. Defendant is familiar with the FDCPA.

28. Defendant waited less than a day from the termination of the contract to attempt to collect the alleged debt from Plaintiff, the natural consequence of which was to harass, oppress, and/or abuse Plaintiff.

29. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## VIOLATIONS OF THE FDCPA

30. The preceding paragraphs are incorporated as if fully stated herein.

31. Defendant is liable under 15 U.S.C § 1692d for engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

32. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

33. Defendant is liable under 15 U.S.C. § 1692g for failing to notify Plaintiff of validation rights within five days after the initial communication.

## VIOLATIONS OF THE LUTPA

34. The preceding paragraphs are incorporated as if fully stated herein.

35. Defendants is liable under La. Rev. Stat. Ann. § 51:1405 for using unfair methods of competition and unfair or deceptive acts or practices.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease and desist all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages under the FDCPA of $1,000.

3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k and La. Rev. Stat. Ann. § 51:1409.

4. Trebled damages suffered by Plaintiff for Defendants' knowing use of deceptive acts or practices pursuant to La. Rev. Stat. § 51:1409.

5. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k and La. Rev. Stat. § 51:1409.

6. Any other relief that this Court deems appropriate.

A TRIAL BY JURY IS REQUESTED.

RESPECTFULLY SUBMITTED,

*/s/ Galen M. Hair*
Galen M. Hair, Esq.
Varadi, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
hair@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
*Attorney for Plaintiff*

DATED: October 12, 2016

Summons will be attached to Complaint.